IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANDREW GROSS III,

                Petitioner,                OPINION AND ORDER

v.

                                                        13-cv-508-wmc

R. WERLINGER, WARDEN,
FCI-OXFORD,

                Respondent.

---

Andrew Gross III is currently incarcerated by the Federal Bureau of Prisons as the result of two convictions from the United States District Court for the Eastern District of Michigan.[1] Pending before the court is Gross's petition for a writ of habeas corpus under 28 U.S.C. § 2241, which challenges the validity of his sentence. Having filed an amended version of that petition, Gross also moves for an evidentiary hearing and for release on bond. For reasons set forth below, the petition will be dismissed for lack of jurisdiction.

FACTS[2]

In April 2002, a jury found Gross guilty of committing multiple counts of mail fraud, credit card fraud and identity theft in violation of 18 U.S.C. §§ 1341, 1029(a)(2), and 1028(a)(7). In July 2002, the district court sentenced Gross to serve a total of 84

---

[1] At the time he filed his habeas corpus petition, Gross was confined at the Federal Correctional Institution in Oxford, Wisconsin. In July 2013, Gross was transferred to a different federal prison facility.

[2] The following facts are taken from the pleadings and the electronic docket in Gross's underlying criminal cases.

months in prison and to pay $90,941.50 in restitution. *See United States v. Gross*, Case No. 01-cr-80769 (E.D. Mich.). The United States Court of Appeals for the Sixth Circuit affirmed the conviction in an unpublished opinion. *See United States v. Gross*, 84 F. App'x 531 (6th Cir. 2003).

In October 2002, Gross pled guilty to one count of negotiating or attempting to negotiate counterfeit securities in violation of 18 U.S.C. § 513. In February 2003, the district court sentenced Gross to serve 120 months' imprisonment consecutive to the 84-month term that he received in Case No. 01-cr-80769. *See United States v. Gross*, Case No. 02-cr-80163 (E.D. Mich.). The court also imposed a special condition that prohibits Gross from having access to a computer or e-mail while in prison.

On direct appeal, the Sixth Circuit affirmed the validity of Gross's guilty plea and conviction in Case No. 02-cr-80163. *See United States v. Gross*, No. 03-1266 (6th Cir. 2005) (unpublished). The Sixth Circuit found, however, that the district court erred at sentencing by treating the United States Sentencing Guidelines as mandatory and remanded the case for re-sentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). In an amended judgment entered on March 2, 2006, the district court considered the advisory guidelines and imposed the same 120-month prison sentence, to be served consecutive to the 84-month term imposed previously in his other case.

Gross has filed numerous post-judgment motions to attack the sentences that he received in the above-referenced cases, resulting in over 60 appeals to the Sixth Circuit. He has made so many successive attacks on his sentence that the Eastern District of Michigan has enjoined him from filing "any further motions" without first obtaining

leave of court. *See United States v. Gross*, Case No. 02-cr-80163 (E.D. Mich. [dkt. # 158] Aug. 26, 2009).

Gross now seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that he is entitled to relief from the sentence imposed in Case No. 02-cr-80163 for the following reasons: (1) he was incorrectly classified as a career offender under the United States Sentencing Guidelines; (2) he was denied a 3-level departure under U.S.S.G. § 2X1.1(b)(2), which applies to conspiracy charges not otherwise covered by a specific offense guideline; and (3) the special condition restricting computer usage while in prison is unconstitutional in light of *Tapia v. United States*, — U.S. —, 131 S. Ct. 2382, 2393 (2011). Gross repeats these claims in the amended version of his petition (dkt. # 6), but contends further that (4) the district court erred by imposing a consecutive sentence in Case No. 02-cr-80163; and (5) relief is warranted under *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151 (2013), because the government failed to prove elements pertaining to his enhanced sentence to a jury.

OPINION

Gross seeks judicial review of his criminal conviction and sentence under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" However, review under § 2241 is usually reserved for attacking the execution, not the imposition, of a sentence. *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). By contrast, "[28 U.S.C.] § 2255 is the exclusive means for a federal prisoner to

attack his conviction [or sentence]." *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255).

Because Gross argues that his current sentence should be set aside or vacated, his petition is governed by § 2255. *See Hill*, 695 F.3d at 647. As a rule, motions of this kind must be filed with the sentencing court. *See* 28 U.S.C. § 2255(a); *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999). Where the sentencing court has already denied relief pursuant to § 2255, a federal prisoner may proceed under § 2241 *only* if he can show that his claims fit within the "savings clause" found in 28 U.S.C. § 2255(e). *Hill*, 695 F.3d at 648. To fit within this "narrow" exception, a prisoner must show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Id.*

Gross makes no effort to demonstrate that his claims fit within the savings clause and the pleadings do not otherwise disclose a basis for review under § 2241. Moreover, the Seventh Circuit has repeatedly found that § 2255 is inadequate for purposes of the savings clause when the statutory prohibition on second or successive motions would otherwise "prevent a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer*, 347 F.3d at 217 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). To proceed under § 2241, therefore, a prisoner must demonstrate the legal theory he advances: (1) relies on a change in law that post-dates his first § 2255 motion; (2) "eludes the permission in [§] 2255 for successive motions"; and (3) supports "a non-frivolous claim of actual innocence." *Kramer*, 347 F.3d at 217

4

(internal citations and quotation omitted). In other words, a petitioner must point to a decision holding that a substantive criminal statute no longer reaches certain conduct, *i.e.*, that he stands convicted of "an act that the law does not make criminal." *Bousley v. United States*, 523 U.S. 614, 620 (1998) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). *See, e.g., Bailey v. United States*, 516 U.S. 137, 150-51 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

None of the claims raised by Gross qualify for review under this narrow savings clause. First, the legal theories that Gross references in his original and amended petition *were* available at the time he filed his initial motion to vacate pursuant to § 2255. Indeed, from the record of his underlying criminal proceedings, it is evident that many of his claims were not only raised, already rejected by the sentencing court and the Sixth Circuit. Second, to the extent that Gross relies for the first time on recent rulings from the Supreme Court in *Tapia* and *Alleyne*, he does not demonstrate that these decisions apply to him or would establish his actual innocence.[3] Under these circumstances, Gross

---

[3] In *Tapia v. United States*, — U.S. —, 131 S. Ct. 2382, 2393 (2011), the Supreme Court held that a district court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise to promote rehabilitation. In *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151, 2155 (2013), the Supreme Court overruled *United States v. Harris*, 536 U.S. 545 (2002), and held that "any fact that increases a mandatory minimum sentence is an 'element' that must be submitted to the jury." Assuming that the holdings in *Tapia* and *Alleyne* establish new rules of constitutional law, neither decision was made retroactive by the Supreme Court. *See Dodd v. United States*, 545 U.S. 353, 358-59 (2005); *Tyler v. Cain*, 533 U.S. 656, 662 (2001); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that *Alleyne* establishes a new rule of constitutional law, but that is not retroactive to cases on collateral review).

does not show that § 2255 was inadequate or ineffective to test the legality of his detention. *See Hill*, 695 F.3d at 649; *Morales*, 499 F.3d at 673.

Because Gross does not fit within the savings clause found in § 2255(e), he may not proceed under § 2241 and his pending petition for a writ of habeas corpus must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that:

1. The petition for a writ of habeas corpus filed by Andrew Gross III pursuant to 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

2. Gross's motions for leave to amend (dkt. # 6), for an evidentiary hearing (dkt. # 8) and for release on bond (dkt. # 9) are DENIED as moot.

Entered this 10th day of October, 2013.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge